Dan C. Bowen, Esq.
Nevada Bar No. 1555
Ann O. Hall, Esq.
Nevada Bar No. 5447
**BOWEN HALL**
555 South Center Street
Reno, Nevada  89501
Telephone:  (775) 323-8678
Fax:  (775) 786-6631

Matthew J.M. Prebeg
Christopher M. Faucett
Steven W. Abbott
Matthew S. Compton, Jr.
**CLEARMAN PREBEG LLP**
815 Walker Street, Suite 1040
Houston, Texas 77002
Tel: 713.223.7070
Fax: 713.223.7071

Andrew Kochanowski
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: 248.746.4048
Fax: 248.936.2153

*ATTORNEYS FOR PLAINTIFF*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DIGCOM, INC., A Nevada Corporation, | ) |
| | ) Case No: 3:13-cv-00178-RCJ-WGC |
| Plaintiff, | ) |
| | ) |
| vs. | ) **JOINT CASE MANAGEMENT** |
| | ) **REPORT AND PROPOSED** |
| ZTE CORPORATION, | ) **SCHEDULING AND DISCOVERY** |
| ZTE (USA) INC., | ) **PLANS** |
| ZTE SOLUTIONS INC., | ) |
| | ) **(SPECIAL SCHEDULING REVIEW** |
| Defendants. | ) **REQUESTED)** |
| | ) |

1

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Practice 26-1 and the Court's October 29, 2013 Minute Order (Doc. 59), Plaintiff Digcom, Inc. ("Plaintiff"), by its attorneys, and Defendant ZTE (USA) Inc. ("Defendant" or "ZTE USA"), by its attorneys, submit this case management report regarding scheduling and discovery issues and their proposed plans.

## I. Nature of the Case and Description of the Principle Factual and Legal Disputes

A.  Plaintiff: Digcom, Inc. asserts patent infringement of four U.S. patents (either literally or under the doctrine of equivalents) against ZTE USA. The four patents-in-suit are:

- United States Patent No. 7,805,143, entitled "Mobile Video Internet, Cellular and Location Finder System" (the "'143 patent")
- United States Patent No. 7,809,374, entitled "Video Mobile Communication System" (the "'374 patent")
- United States Patent No. 7,899,491, entitled "Cross-correlated Quadrature Modulated Spread Spectrum, OFDM and Position Finder System" (the "'491 patent")
- United States Patent No. 7,983,678, entitled "3G and Wi-Fi Connected Mobile Systems" (the "'678 patent")

The devices made, used or sold by ZTE USA which Digcom has accused of infringement are, generally speaking, mobile smart phones, including but not limited to the ZTE Fury (at least model N850), the ZTE Optik (at least model V55), and the ZTE Concord (at least model V768).

Digcom seeks damages adequate to compensate Plaintiff for infringement, which in no event can be less than a reasonable royalty.

B.  Defendant: ZTE USA asserts it does not infringe any valid and enforceable claim of the four patents-in-suit, either literally or under the doctrine of equivalents, and asserts numerous invalidity and unenforceability defenses. Defendant contends that Plaintiff is not entitled to any award of damages and reserves its rights to seek an award of fees and

costs incurred by it in connection with this action. As Plaintiff has not yet provided infringement contentions, it is impossible for ZTE USA to know with specificity the exact defenses it will assert or which equitable principals are applicable to the claims of the Plaintiff. ZTE USA anticipates that it will assert one or more of the following defenses: (i) each asserted claim of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in at least, *e.g.,* 35 U.S.C. §§ 101, 102, 103 and 112; (ii) Plaintiff's claims for patent infringement are precluded to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Defendant by any entity or entities having express or implied licenses to the patents-in-suit and/or under the doctrine of patent exhaustion; (iii) Plaintiff is barred under principles of equity (*e.g.,* laches, prosecution laches, waiver, estoppel, unclean hands); (iv) Plaintiff's claims for damages and/or costs are limited and/or barred under 35 U.S.C. §§ 286, 287 and/or 288; (v) Plaintiff is not entitled to any equitable relief (*e.g.,* injunctive relief) because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law and/or public policy concerns weigh against any such relief; (vi) Plaintiff has failed to state a claim upon which relief can be granted; and/or (vii) by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the patents in suit, Plaintiff is estopped from claiming infringement by the Defendants of one or more claims of the patents in suit.

## II.     Jurisdictional Bases for the Case

The parties agree that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a). However, ZTE USA contests that venue is proper in this District.

### III. Parties Named in Complaint and Status of Service

Plaintiff:      Digcom, Inc.

Defendants:

- ZTE USA, Inc. has been served, and filed its answer to Plaintiff's Complaint for Patent Infringement on July 22, 2013, 2013 (Doc. 33).
- ZTE Corporation and ZTE Solutions Inc. were named in the Complaint, they have since been dismissed without prejudice. The parties request that the Court amend the case caption to identify ZTE (USA) Inc. as the sole defendant.

### IV. Prospect of Adding Additional Parties and Amending Pleadings

Plaintiff is not presently aware of any other parties that may be necessary for the full adjudication of this matter.

Defendant believes that additional parties may be necessary depending on the nature of Plaintiff's infringement allegations, as Defendant's accused products utilize components that originate from third-party suppliers and about which ZTE USA has no technical information necessary to defend this case.

### V. List of Contemplated Motions

Plaintiff currently contemplates the possibility of at least one motion for summary judgment concerning infringement by the Defendant of one or more of the patents-in-suit.

ZTE USA has no contacts with Nevada. Thus, as of the date of this report ZTE USA plans to file a motion to transfer the action to the Southern District of California, where ZTE USA has a technical facility and where the ZTE USA supplier (Qualcomm) is located, who ZTE USA expects will have the bulk of technical information relating to the accused

4

components of the ZTE USA products at issue. As appropriate, Defendant contemplates the possibility of one of more summary judgment motions, *Daubert* motions and *in limine* motions after the close of discovery. ZTE USA hopes to avoid, but reserves the right to seek as needed, motions to compel to resolve discovery disputes.

### VI. Pending Motions

No motions are pending as of the date of this report.

### VII. Status of Related Cases

A.  Earlier-filed case No. 3:13-cv-00176; titled Digcom, Inc., a Nevada Corporation vs. Casio Computer Co., Ltd., Casio America, Inc., and NEC Casio Mobile Communications, Ltd. (collectively, "Casio Defendants") has been settled. Digcom announced settlement, and dismissed all claims pending against the Casio Defendants, in its Notice of Plaintiff's Voluntary Dismissal dated November 5, 2013 (See *Digcom, Inc. vs. Casio Computer Co., Ltd.*, et al., Case No. 3:13-cv-00176 (Doc. 28)).

B.  Earlier-filed case No. 3:13-cv-00177, titled Digcom, Inc., a Nevada Corporation, vs. Pantech Co. Ltd., et al., remains pending. The Case Management Conference in that matter is set immediately prior to the Case Management Conference in this matter before Magistrate Judge Cooke (See *Digcom, Inc. vs. Pantech Co. Ltd.*, et al., Case No. 3:13-cv-00177 (Doc. 56)).

### VIII. Initial Disclosures Under Federal Rule of Civil Procedure 26(a)

The parties have agreed that initial disclosures under Rule 26(a) shall be exchanged no later than December 21, 2013.

### IX. Local Rule 26-1(e)(1) – Discovery Cut-Off Date

The parties propose that discovery be phased in this case and all discovery unrelated to claim construction issues be deferred until the Court has issued a claim construction order. The parties propose that the discovery cut-off date for claim construction issues be August 15, 2014 as to all asserted patents in this matter. The parties propose that the parties meet and confer and file a proposed amended scheduling order regarding remaining discovery 30 days after the entry of a claim construction order.

## X.     The Parties' Proposed Schedules

The parties have competing proposals regarding the schedule for exchange of contentions, claim construction related events, expert disclosures, discovery and trial:

| EVENT | THE PARTIES' PROPOSED DATES |
|---|---|
| Parties to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | December 21, 2013 |
| Plaintiff to serve initial disclosure of asserted claims and infringement contentions pursuant to Local Rule 16.1-6 | December 21, 2013 |
| Plaintiff to produce documents accompanying initial disclosure of asserted claims and infringement contentions pursuant to Local Rule 16.1-7 | December 21, 2013 |
| Defendant to serve Initial disclosure of non-infringement, invalidity and unenforceability contentions pursuant to Local Rule 16.1-8 | February 28, 2014<br>[60 days after Plaintiff's contentions] |
| Defendant to produce documents accompanying initial disclosure of invalidity contentions pursuant to Local Rule 16.1-9 | March 21, 2014 |
| Plaintiff to serve Response to initial non-infringement, invalidity and unenforceability contentions pursuant to Local Rule 16.1-10 | May 15, 2014<br>[45 days after Defendant's contentions] |

| | |
|---|---|
| Document production to be substantially completed by all parties | June 21, 2014<br>[6 mos. after initial disclosures] |
| Pre-Claim Construction Settlement Conference pursuant to Local Rule 16.1-19(a) | May 7, 2014, at 10:00 a.m. |
| Exchange of proposed terms for claim construction pursuant to Local Rule 16.1-13 | June 7, 2014<br>[14 days before doc production complete] |
| Motions to amend pleadings or add parties due | June 7, 2014 |
| Parties to meet and confer regarding claim terms pursuant to Local Rule 16.1-13 | June 21, 2014<br>[20 days after exchanging proposed terms] |
| Exchange of preliminary claim constructions and extrinsic evidence pursuant to Local Rule 16.1-14 | July 1, 2014<br>[30 days after exchanging proposed terms] |
| Interim Status Report pursuant to Local Rule 26-3 | 30 days before close of fact discovery |
| Joint Claim Construction and Prehearing Statement to be submitted pursuant to Local Rule 16.1-15 | July 16, 2014<br>[15 days after exchanging proposed constructions] |
| Close of fact discovery, including third-party discovery | The Parties propose that discovery should be phased in this case and that a schedule for fact discovery other than as to claim construction issues be deferred until after the entry of a claim construction order. |
| Close of claim construction fact discovery, including third-party discovery | August 15, 2013 |
| Opening claim construction brief pursuant to Local Rule 16.1-16 | September 1, 2014<br>[45 days after filing joint claim construction statement] |
| Responsive claim construction brief pursuant to Local Rule 16.1-16 | October 15, 2014<br>[45 days after opening claim construction briefs] |
| Reply claim construction brief pursuant to Local Rule 16.1-16 | October 30, 2014<br>[14 days after responsive claim construction briefs] |
| *Markman* hearing | As set by Court |
| Post-Claim Construction Order | As set by Court |

| | |
|---|---|
| Settlement Conference pursuant to Local Rule 16.1-19(b) | |
| Expert disclosures under Fed.R.Civ.P. 26(a) | 60 days after issuance of *Markman* Order on issues for which the parties bear the burden of proof; 45 days thereafter for rebuttal expert disclosures; 30 days thereafter for reply expert disclosures |
| Completion of expert depositions | 45 days after serving rebuttal expert reports |
| Dispositive and *Daubert* motions due | 45 days after completing expert discovery<br><br>[45 days to opposed dispositive motions; 14 days for reply]<br><br>[20 days to oppose *Daubert* motion; 10 days to reply]<br><br>[but briefing schedule may be extended based upon number and complexity of motions] |
| Motions *in limine* due | 30 days before trial<br><br>[opposition due 14 days after filing of a motion *in limine*] |
| Joint Pretrial Order due | 30 days after deadline for opposing motions *in limine* |
| Pretrial Settlement Conference pursuant to Local Rule LR 16.1-19(c) | As set by Court |
| Calendar Call | As set by Court |
| Trial Stack | As set by Court, after any trial in the earlier filed *Digcom v Pantech Co. Ltd. et al.* matter. |

## XI.  Pretrial Order

To give the Court adequate time to decide the dispositive motions, the parties believe that the date for the pre-trial conference should not be set at this time.

## XII.  Electronically Stored Information

The parties have discussed the issue of electronic discovery, and Plaintiff does not believe electronic discovery will present any exceptional difficulties.

Defendant believes that discovery of electronically stored information should be limited in this case and that no discovery of e-mails will be necessary. If discovery of

electronically stored information is necessary, Defendant proposed that the parties meet and confer to reach agreement on the format of production.

The parties agree to be bound by the provisions of the Federal Circuit's [Model] Order regarding E-Discovery in Patent Cases (attached as Exhibit A).

### XIII. Protective Order

The parties believe that a stipulated protective order should be entered to govern the exchange of confidential information in this case. The parties agree to meet and confer in good faith to submit to the Court a joint protective order.

### XIV. Issues Related to Claims of Privilege or Work Product

The parties agree that all communications or documents generated after the filing of the original complaint in this case do not need to be identified on a privilege log. As to any other issues, the parties agree to comply with Fed. R. Civ. P. 26(b)(5)(A).

### XV. Supplemental Discussion of Necessary Discovery

A. The extent, nature and location of discovery anticipated by the parties

Plaintiff anticipates taking Rule 30(b)(6) deposition testimony from Defendant covering topics concerning the functioning, structure, components and features of the accused devices, as well as the number of accused devices sold in the relevant period, their cost to Defendant, and the revenues realized by Defendant through the sale of the accused devices.

Plaintiff believes that documents that may be requested of Plaintiff by Defendant, if in Plaintiff's possession, custody or control, are likely located at Plaintiff's office in Incline Village, Nevada, or Plaintiff's counsel's offices.

Defendant anticipates that access to the technical information necessary to determine the infringement and validity issues may be difficult in view of the third parties who may be

in possession of such information and documents rather than the parties in suit. Defendant anticipates that numerous witnesses will be deposed and document discovery may well be voluminous in this case.

    B.    Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e)

None.

    C.    The number of hours permitted for each deposition, unless extended by the parties.

Pursuant to the Federal Rules of Civil Procedure, unless otherwise agreed to by the parties.

## XVI. Jury Trial Requested

Both parties have requested a Jury Trial.

## XVII. Estimated Length of Trial

The parties estimate that it will take 7-10 days to try this case.

## XVIII. Prospects for Settlement

The parties have not yet engaged in substantive settlement discussions.

## XIX. Additional Matters

    A.    E-Mail Service

Defendant proposes that, to the extent possible in light of the volume of the submissions, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail on all counsel who have entered an appearance on behalf of the party to be served, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). Defendant further proposes that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an

appearance on behalf of the party to be served. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by overnight delivery. If service is by overnight delivery, the serving party must use a service having the ability to "track" deliveries and verify receipt.

B. Markman Tutorial

The parties believe that a short technology tutorial from each of the parties would be appropriate in this case. The parties will await the Court's guidance as to whether and when tutorials should be submitted to the Court.

Respectfully Submitted,

Dated this 15th day of November, 2013

By: /s/ Dan C. Bowen
Dan C. Bowen, Esq.
Ann O. Hall, Esq.
555 South Center Street
Reno, Nevada 89501
Telephone: (775) 323-8678


OF COUNSEL:
Matthew J.M. Prebeg
Christopher M. Faucett
Steven W. Abbott
Matthew S. Compton, Jr.
**CLEARMAN PREBEG LLP**
815 Walker Street, Suite 1040
Houston, Texas 77002
Tel: 713.223.7070
Fax: 713.223.7071

Andrew Kochanowski
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: 248.746.4048
Fax: 248.936.2153

*Attorneys for Plaintiff*

By: /s/ Scott R. Miller
Scott R. Miller

William E. Peterson
Nevada Bar No. 1528
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Tel:   775.785.5440
Fax:  775.785.5441

and

Scott R. Miller, Cal. Bar No. 112656 (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Tel:   213.620.1780
Fax:  213.620.1398

*Attorneys for Defendant*
ZTE (USA) INC.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this  22nd  day of November , 2013.

_____
UNITED STATES MAGISTRATE JUDGE